NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2320
_____

UNITED STATES OF AMERICA

v.

JERRY BLASSENGALE, JR., a/k/a BJ,
                                                          Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-07-cr-00371-002)
District Judge: Hon. Bruce W. Kauffman


Submitted Pursuant to Third Circuit LAR 34.1(a)
Friday, January 28, 2011

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge*,
and STEARNS,[*] *District Judge*

(Opinion Filed: February 8, 2011)

OPINION


McKEE, *Chief Judge*.

        Jerry Blassengale appeals the district court's judgment of conviction.  For the

reasons that follow, we will affirm.

_____

[*] Honorable Richard G. Stearns, District Court Judge, United States District Court for the
District of Massachusetts, sitting by designation.

# I.

We write primarily for the parties and therefore will only set forth those facts that are helpful to our brief discussion of the issues. Blassengale's sole issue on appeal is whether the evidence was sufficient to sustain a conviction for assaulting a federal officer in violation of 18 U.S.C. § 111. He argues that his account of the arrest should be credited and that Special Agent Pacchioli actually caused the collision.

The argument ignores the fact that we must review challenges to the sufficiency of evidence, "in the light most favorable to the government, and [that we] will sustain the verdict if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (quoting *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996)). Under this deferential standard, we must "presume that the jury properly evaluated the credibility of witnesses, found the facts, and drew rational inferences." *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992).

Under 18 U.S.C. § 111(a)(1), it is a federal crime when a person "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 114 of this title while engaged in or on account of the performance of official duties." There is an enhanced penalty under § 111(b), when a deadly or dangerous weapon is used.

Blassengale contends that he was not aware that federal agents were pursuing him when he fled the gas station and drove down Interstate 95. He testified that he was unaware that Special Agent Pacchioli was even present until the collision at the end of

2

the chase. However, a reasonable jury could have rejected his account for several reasons. First, there was testimony to suggest that Blassengale was aware that FBI agents were present at the gas station. The agents who approached his vehicle were wearing FBI bulletproof vests, and one agent testified that he made eye contact with Blassengale in the driver's side mirror. Second, Pacchioli had activated his patrol car lights and siren during the entire car chase on Interstate 95. The jury cannot be faulted for concluding that this would suggest that law enforcement agents were in pursuit. Finally, Detective DiFrancesco, who was in the passenger seat of the car with Pacchioli, testified that he motioned several times towards Blassengale to try to get him to stop. This evidence would readily allow a reasonable jury to conclude that Blassengale was aware that he was being pursued by law enforcement officers, and Blassengale's argument to the contrary is frivolous. Moreover, we reject any suggestion that the government was required to prove that he knew that the officers who were pursuing him were federal law enforcement officers. "All the statute requires is an intent to assault, not an intent to assault a federal officer." *United States v. Feola*, 420 U.S. 671, 684 (1975). As the Court explained in *Feola*, we can not construe the statute "as embodying an unexpressed requirement that an assailant be aware that his victim is a federal officer." *Id.*

Blassengale further argues that he never actually collided with Special Agent Pacchioli. He contends that he was already pulled over with the engine off when the accident occurred. However, the jury obviously rejected Blassengale's efforts to suggest that Pacchioli intentionally crashed into him in front of police and civilians. There is nothing other than Blassengale's uncorroborated testimony to suggest that is what

3

happened, and the jury clearly rejected his testimony. Pacchioli testified that Blassengale was driving very quickly when he swerved into the patrol car. Thus, there was more than sufficient evidence to establish Blassengale's guilt beyond a reasonable doubt.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the district court's judgment of conviction.